# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC. | ) |
| Plaintiff, | ) |
| v. | ) No. 13-CV-771-TCK-TLW |
| JOSE AGUIRRE, Individually and d/b/a AGAVE MEXICAN GRILL AND TEQUILA BAR, and AGAVE, LLC, an Oklahoma Corporation d/b/a AGAVE MEXICAN GRILL AND TEQUILA BAR, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Service by Publication (Doc. 37) and Defendants' Second Motion to Dismiss Under Rule 12(b)(2) (Doc. 39).

**I.     Factual and Procedural Background**

On November 27, 2013, Plaintiff J & J Sports Productions, Inc. ("Plaintiff") filed a Complaint against Defendants Jose Aguirre, individually and d/b/a Agave Mexican Grill and Tequila Bar ("Aquirre"), and Agave, LLC ("Agave") (collectively, "Defendants") alleging that Defendants unlawfully intercepted and exhibited a program without paying Plaintiff the requisite licensing fees to exhibit the program. Upon motion by Plaintiff, the Court Clerk entered default against Defendants on May 28, 2014 (Doc. 13). On June 3, 2014, Plaintiff filed a Motion for Default Judgment in the amount of $110,000, plus fees and costs. Defendants filed a response in opposition to Plaintiff's motion, claiming that Plaintiff had not properly effectuated service on either of the Defendants.

On September 16, 2014, the Court entered an Opinion and Order denying Plaintiff's Motion for Default Judgment and setting aside the default entered by the Court Clerk (Doc. 25). Defendants subsequently filed a Motion to Dismiss under Rule 12(b)(2) on September 30, 2014, alleging that Plaintiff still had not properly served Defendants. In response, Plaintiff requested an additional forty-five days to perfect service. On November 5, 2014, the Court granted plaintiff an additional forty-five days to perfect service and denied Defendants' motion to dismiss without prejudice to refiling after expiration of the forty-five days.[1]

On December 19, 2014, Plaintiff filed the instant Motion for Service by Publication, in which Plaintiff recited its unsuccessful efforts to serve Aguirre and sought leave to serve Aguirre by publication. Defendants filed their second Motion to Dismiss on January 5, 2015, arguing that neither Defendant had been properly served.

## II. Defendants' Second Motion to Dismiss

Defendants move to dismiss Plaintiff's claims against them pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.[2]

---

[1] Despite Defendants' contention, the Court did not determine whether or not Plaintiff had perfected service on either Defendant at the time of its Order. Instead, because service was disputed *and* Plaintiff requested an additional forty-five days, the Court granted such request without evaluating the effectiveness of Plaintiff's attempts at service to date.

[2] Defendants' motion cites Rule 12(b)(2), which addresses lack of personal jurisdiction, as the basis for dismissal. However, the Court has construed Defendants' motion as being pursuant to Rule 12(b)(5) for insufficient service of process. *See* 5B Charles Alan Wright & Arthur R. Miller*, Federal Practice & Procedure* § 1953 (3d ed. 2004) ("A Rule 12(b)(5) motion is the proper vehicle for challenging the mode of delivery or the lack of delivery of the summons and complaint.")

### A. Standard

Under Federal Rule of Civil Procedure 4(e), service may made on an individual by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
>
> (2) doing any of the following:
>
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>>
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>>
>> (C) delivering a copy of each to an agent authorized by appointment of law to receive service of process.

The Oklahoma statutes require service to be made on an individual in the same manner. *See* Okla. Stat. tit. 12, § 2004(C)(1)(c)(1).

A corporation, partnership, or association must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
>
> (B) by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment to receive service of process and – if the agent is one authorized by statute and the statute so requires – by also mailing a copy of each to the defendant
> . . . .

Fed. R. Civ. P. 4(h). The Oklahoma statutes require service to be made on a business entity in the same manner. *See* Okla. Stat. tit. 12, § 2004(C)(1)(c)(3).

Strict compliance with the Oklahoma statutory scheme is not required for service to be proper; instead, "substantial compliance" is sufficient. *See Graff v. Kelly*, 814 P.2d 489, 495 (Okla. 1991). "To determine whether substantial compliance has occurred, the court must consider the

circumstances and 'determine whether the found departure offends the standards of due process and thus may be deemed to have deprived a party of its fundamental right to notice.'" *Shaffer v. Skechers, USA, Inc.*, No. CIV-09-167-D, 2009 WL 3837408, at *2 (W.D. Okla. Nov. 16, 2009) (unpublished) (citing *Hukill v. Okla. Native Am. Domestic Violence Coal.*, 542 F.3d 794, 798 (10th Cir. 2009)). "'The adopted test requires that under all the circumstances present in a case there by a reasonable probability the service of process employed apprized its recipient of the plaintiff's pressed demands and the result attendant to default.'" *Hukill*, 542 F.3d at 799 (quoting *Vance v. Fed. Nat'l Mortg. Ass'n*, 988 P.2d 1275, 1279-80 (Okla. 1999)).

**B. Analysis**

**1. Defendant Agave**

On January 27, 2014, Plaintiff initially attempted to serve Agave by serving a copy of the summons and petition on Samuel Valdez, the manager of Agave Mexican Grill and Tequila Bar (Doc 8). After Agave disputed Valdez's authority to accept service, Plaintiff served Agave by sending certified mail, restricted delivery, to Morgan Powell ("Powell"), the registered service agent for Agave, at 118 North 11th Street, Suite 104, Collinsville, Oklahoma (Doc. 36). Plaintiff alleges Powell signed for the certified mail on December 2, 2014, although the signature is illegible.

In Defendants' Motion to Dismiss, Defendants have the audacity to claim that "even a cursory examination reveals that the registered service agent was not served." (Doc. 40 at 2.) Defendants go on to state that: "On December 2, 2014, Marium E. Hannon was, in fact, served by the registered mail and signed for it. . . . Marium Hannon was not the registered agent for Agave, LLC and has never been an agent." (*Id.*) Defendants attach an affidavit by Hannon stating the same, which is, incredibly, notarized by one Morgan Powell.

4

This Court's own cursory examination of the Oklahoma Secretary of State's website indicates that the registered service agent for Agave, LLC is Morgan K. Powell with an address of 118 North 11th Street, Suite 104, Collinsville, Oklahoma.[3] According to Oklahoma Secretary of State, Powell has been the registered agent for Agave since August 29, 2006. Defendants have accused Plaintiff of being blind and failing to exercise due diligence, but now the Court questions Defendants' candor. Plaintiff most certainly exercised due diligence in serving Agave. Plaintiff researched the registered agent of Agave and proceeded to properly serve such agent via certified mail, restricted delivery. Whether Marium Hannon or Powell signed for the certified mail is not of the Court's concern. Defendant Agave has been properly served. Defendants' Motion to Dismiss with regard to Agave, LLC is denied.

**2.      Defendant Aguirre**

Plaintiff attempted to serve Aguirre via certified mail on March 18, 2014 (Doc. 9). The certified mail was received and signed for by "Jose Aguirre." However, Aguirre contends the signature on the certified mail is not his signature.

From September 22, 2014 to October 31, 2014, process server D.J. Sixsmith ("Sixsmith") attempted to serve Aguirre personally at 13430 East 42nd Street, Tulsa, Oklahoma (the "42nd Street residence"), on at least fifteen occasions. Based on computer investigation, Sixsmith believed Aguirre resided at the 42nd Street residence.

---

[3] The Court takes judicial notice of the Oklahoma Secretary of State's corporate files, which are publically available on its website at www.sos.ok.gov/corp/corpinquiryfind.aspx. *See Binford v. United States*, 436 F.3d 1252, 1256 n.7 (quoting *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000)) ("[T]he court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record.").

On October 9, 2014, Plaintiff attempted to serve Aguirre personally at the 42nd Street residence. Process server D.J. Sixsmith attested that he left a copy of the summons and petition at the Aguirre residence with Juan Aguirre, Aguirre's son. (Doc. 28). Defendant Aguirre challenged the validity of this attempt at service by providing an affidavit in which Juan Aguirre states that the Aguirre residence was not his dwelling house or usual place of abode, as required by the Oklahoma statutes governing service of process.

On November 24, 2014 Plaintiff attempted to service Aguirre again via certified mail (Doc. 37-3). The certified mail was returned to Plaintiff as "unclaimed."

The Court finds that Plaintiff's attempts at service substantially comply with the Oklahoma statutory scheme for service of process. Aguirre objected to the certified mail sent March 18, 2014, only on the basis that it was not his signature and he did not sign for it. Aguirre did not deny that anyone else in his household signed for it or that the he did not live at the 42nd Street residence. The certified mail on March 18, 2014, and the attempted personal service on October 9, 2014, had a reasonable probability of providing Aguirre with notice. Defendants' Motion to Dismiss with regard to Aguirre is denied. Instead of focusing their efforts on evading service, Defendants can now focus on contesting the merits of this action.

### III.  Plaintiff's Motion for Service by Publication

As noted above, the Court finds that Plaintiff has properly served Agave and finds that Plaintiff's attempts to serve Aguirre substantially comply with the Oklahoma statutory scheme for service of process. Accordingly, Plaintiff's Motion for Service by Publication is denied as moot.

**IV. Conclusion**

Plaintiff's Motion for Service by Publication (Doc. 37) is DENIED as moot. Defendants' Second Motion to Dismiss Under Rule 12(b)(2) (Doc. 39) is DENIED. Pursuant to Federal Rule of Civil Procedure 12(a)(4), Defendants are ordered to file responsive pleadings within fourteen days from the date of this Opinion and Order.

**SO ORDERED** this 14th day of May, 2015.

*[signature: Terence C. Kern]*

TERENCE C. KERN
UNITED STATES DISTRICT JUDGE